UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASSMERE JORDAN, | Case No.  24-cv-07232-VC |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| KIMPTON HOTEL & RESTAURANT GROUP, LLC, | Re: Dkt. No. 6 |
| Defendant. | |

Jassmere Jordan brings this lawsuit against Kimpton Hotel & Restaurant Group, her former employer. She asserts twelve causes of action related to her employment under the California Fair Employment and Housing Act (FEHA), Pregnancy Disability Leave Law, and various provisions of California law. But Jordan's complaint does not give fair notice of the grounds underlying her claims and she has not pled "sufficient 'factual content that [would] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Liu v. Uber Technologies, Inc.*, No. 22-16507, 2024 WL 3102801, at *1 (9th Cir. June 24, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Instead, the complaint is largely a "formulaic recitation" of the elements of the causes of actions she seeks to litigate. *Twombly*, 550 U.S. at 555. While Jordan is not required to plead a prima facie case for each of her causes of action, she is still obligated to meet Rule 8(a)(2)'s requirement of "provid[ing] the grounds of [her] entitlement to relief [with] more than labels and conclusions." *Austin v. University of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019) (first citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), and then quoting

*Twombly*, 550 U.S. at 556). For example, Jordan claims that Kimpton "subjected [her] to harassment/discrimination/retaliation" on a number of bases, yet she does not plead any facts specific to her employment that would support a plausible inference that these things actually occurred. Dkt. No. 1-2, Exh. 2 to Notice of Removal, Compl. at ¶ 6. She alleges that she was subjected to "severe and perverse slurs, tropes, stereotypes, and offensive comments," without any specifics. *Id.* at ¶ 7. She asserts that Kimpton failed to provide accommodations or resources for her pregnancy, but does not describe which accommodations or resources were needed or requested. *Id.* at ¶¶ 8–10. And she contends that her employment was terminated and she was forced to resign through a constructive discharge, but this allegation, too, contains no details that could lead to a plausible inference that she was, in fact, constructively discharged. *Id.* at ¶ 12.

Accordingly, the motion to dismiss is granted. Any amended complaint must be filed within 21 days of this order, with a response due 21 days after the amended complaint is filed.

**IT IS SO ORDERED.**

Dated: January 13, 2025

VINCE CHHABRIA
United States District Judge