UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASSMERE JORDAN,<br><br>        Plaintiff,<br><br>       v.<br><br>KIMPTON HOTEL & RESTAURANT GROUP, LLC,<br><br>        Defendant. | Case No. 24-cv-07232-VC<br><br>**ORDER GRANTING RULE 60(B) MOTION TO REOPEN CASE**<br><br>Re: Dkt. No. 22 |

The Court dismissed Jordan's complaint with leave to amend on January 13, 2025, and gave her 21 days to file an amended complaint. After that time passed without an amended complaint, a judgment dismissing the case with prejudice was entered on February 5.

Plaintiff's counsel has now filed a motion to reopen this case under Rule 60(b). He says that he accidentally deleted the email containing the order dismissing the case while attempting to calendar a different notification that was also issued on the same day in this case. After the judgment was filed, he emailed defense counsel about meeting and conferring on filing a Rule 60(b) motion, and, after defense counsel said that a meet-and-confer on this issue was not necessary, filed the present motion on February 14.

Under Rule 60(b), this Court can "may relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Plaintiff's counsel asks the Court to reopen Jordan's case by finding that the failure to amend the complaint was excusable neglect.

"To determine whether a party's failure to meet a deadline constitutes 'excusable

neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)).

Applying those factors in this case, plaintiff's counsel's failure to file an amended complaint was excusable neglect. First, there is little danger of prejudice to Kimpton due to the very short length of the delay and the early stage of the proceedings. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (rejecting claim of prejudice from two-week delay because there was "no disadvantage to Augusta beyond that suffered by any party which loses a quick victory"). Second, the delay was only 9 days between the filing of the judgment and the filing of the Rule 60(b) motion, shorter than other cases in which neglect has been found to be excusable. *See Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (twenty-four-day delay); *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000) (monthlong delay). Third, while the reason for the negligence in this case—an email mistake—is not particularly compelling, other courts have noted that calendaring mistakes can still qualify as excusable neglect. *See Ahanchian*, 624 F.3d at 1262 (collecting cases). Finally, there is no evidence of bad faith. Kimpton argues there is bad faith because (1) Jordan is seeking to amend her complaint with non-viable claims and (2) plaintiff's counsel's motion was light on legal citations. But the issue is whether plaintiff's counsel's negligence in failing to amend the complaint in a timely manner was done in bad faith. And here, there is no evidence that he acted with anything less than good faith. Plaintiff's counsel acted quickly upon realizing his mistake, informing Kimpton the day he learned of his mistake that he intended to seek a reopening of the case.

Accordingly, the plaintiff's motion to set aside the judgment is granted, the judgment is vacated, the case is reopened, and plaintiff's first amended complaint is due seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: March 25, 2025

_____
VINCE CHHABRIA
United States District Judge