UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASSMERE JORDAN,<br><br>        Plaintiff,<br><br>    v.<br><br>KIMPTON HOTEL & RESTAURANT GROUP, LLC,<br><br>        Defendant. | Case No. 24-cv-07232-VC<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 30 |

Kimpton's motion to dismiss is denied. This order assumes the reader's familiarity with the facts, relevant legal standards, and arguments made by the parties.

1. *Constructive Discharge:* As a preliminary matter, Kimpton asserts that Jordan has failed to plead a constructive discharge. But Jordan alleges that she was seeking reasonable accommodations due to her complicated pregnancy and injuries, especially as those related to the pain and lack of rest that she was allegedly experiencing while performing her ongoing work. On top of that, she pleads that management was aware of her condition and the fact that she was having difficulties with pain and needed more rest opportunities, and despite that, denied her request for a reasonable accommodation and continued scheduling her for a high number of rooms compared to the typical worker. Under these circumstances, it is plausible that a pregnant and injured reasonable person who had just been told that her request for an accommodation was being denied and she would have to keep up with the pace set for her by management would find that situation so "'extraordinary and egregious [as] to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to

serve his or her employer.'" *Wood v. GCC Bend, LLC*, 270 F. App'x 484, 486 (9th Cir. 2008) (quoting *Poland v. Chertoff*, 494 F.3d 1174, 1183 (9th Cir. 2007)); *see also Johns v. Brennan*, 761 F. App'x 742, 745 (9th Cir. 2019).

2. *California Labor Code Claims:* While Kimpton asserts that Jordan did not plead any protected activity, Jordan's allegations are plausibly understood to fall under the umbrella of activity protected by the statutes she invokes. Jordan's complaints to her manager about the number of rooms she was expected to clean and whether she could do those safely are reasonably understood as good faith complaints about working conditions that were plausibly unsafe. *See* Cal. Labor Code § 6310. She also claims that she complained to management about the discrimination that she was experiencing. That is sufficient under section 98.6. *See* Cal. Labor Code § 98.6; *see also Terry v. Nespresso USA*, Inc., No. 24-CV-01506, 2024 WL 3993865, at *3 (C.D. Cal. July 23, 2024) (noting that complaining about discrimination "is unquestionably protected activity under the California Labor Code."). And that complaint to management—who presumably has "authority over" Jordan—claiming that Kimpton was violating the law by discriminating and retaliating against her would also be protected activity under section 1102.5. *See* Cal. Labor Code § 1102.5; *Duron v. United Parcel Service, Inc.*, No. 20-CV-05721-VC, 2022 WL 17331254, at *1 n.1 (N.D. Cal. Nov. 29, 2022).

3. *Hostile Work Environment:* Kimpton argues that because the primary purpose of the acts that Jordan alleges to have caused a hostile work environment are personnel related, they cannot form the basis of a harassment claim. But while Jordan's allegations are certainly thin, California law recognizes that personnel actions that have a "secondary effect of communicating a hostile message," especially when those "actions establish a widespread pattern of bias," can form the basis of a harassment claim. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009), as modified (Feb. 10, 2010). Because it's plausible that her manager's scheduling choices were designed to harass and convey hostility towards Jordan, that would certainly be pervasive because the schedule is something Jordan experienced any time she was at work. And so it is a question of fact whether a reasonable employee—one who has had the message communicated

2

that she must do extra work because of her gender, disability, or race and that this work must be done every day—would find the harassment from that work assignment so pervasive that it would "alter the conditions of employment and create a work environment that qualifies as hostile." *Miller v. Department of Corrections*, 36 Cal. 4th 446, 462 (2005).

\*     \*     \*

An initial case management conference is scheduled for July 11, 2025 at 10:00 a.m. on Zoom. A joint case management statement is due Monday, July 7.

**IT IS SO ORDERED.**

Dated: June 20, 2025

VINCE CHHABRIA
United States District Judge